IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:20-cv-00370

| | |
|---|---|
| LINDA GAIL THOMPSON, as Personal Representative of the Estate of JEROME THOMPSON,<br><br>Plaintiff,<br><br>CITY OF CHARLOTTE, OFFICER ADELAIDE KINSTLER in her Official and Individual capacity; OFFICER BRIAN E. KURCSAK in his Official and Individual capacity; OFFICER JOSEPH B. WILSON in his Official and Individual capacity; CHIEF JOHNNY JENNINGS in his Official as Chief of the Charlotte-Mecklenburg Police Department and Individual capacity; SHERIFF GARRY L. MCFADDEN in his Official and Individual capacity; DEPUTY LOUIS J. VENANT in his Official and Individual capacity; DEPUTY JOSEPH B. BREEDLOVE in his Official and Individual capacity; WELLPATH, LLC, EBONE DENISE ROBERTS in her individual capacity and as an agent of Wellpath, LLC; LAURA HOUSE in her individual capacity and as an agent of Wellpath, LLC; SAMANTHA ELLIOTT-MCLAREN in her individual capacity and as an agent of Wellpath, LLC; and "JOHN DOE" in his Official and Individual capacity;<br><br>Defendants. | **DEFENDANT EBONE ROBERTS'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR JUDGMENT ON THE PLEADINGS** |

NOW COMES Defendant Ebone Roberts, (hereinafter referred to as "Defendant"), by and through the undersigned counsel in a special appearance before the Court, and submits this Memorandum of Law in Support of her Motion for Judgment on the Pleadings seeking dismissal with prejudice of the claims brought against her in the Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

## PROCEDURAL BACKGROUND

Plaintiff alleges this lawsuit arises from the death of Jerome Thompson on July 12, 2018 after he jumped from a second-floor balcony at the Mecklenburg County Jail. Plaintiff, the personal representative of the Estate of Jerome Thompson, filed the original Complaint on July 10, 2020. The original Complaint brought causes of action against several defendants, including "Ebonee Wallace" but not against Defendant Roberts. No part of Defendant Roberts' name has ever included the name "Wallace." More than two years after Mr. Thompson's death, Plaintiff filed an Amended Complaint on August 26, 2020 adding a new defendant named "Ebone Denise Roberts." The pleadings allege violations of Mr. Thompson's constitutional rights pursuant to 42 U.S.C. § 1983, North Carolina General Statute § 162-55, and North Carolina General Statute § 28-174. The undersigned accepted service of process for Defendant on September 11, 2020.

## FACTUAL BACKGROUND

Plaintiff alleges Mr. Thompson was arrested by the Charlotte Mecklenburg Police Department ("CMPD") on July 11, 2018 and was taken to a department office for questioning. [D.E. 19, ¶ 37]. Mr. Thompson was processed and booked into the Mecklenburg County Jail. [D.E. 19, ¶ 49]. Plaintiff alleges this moving defendant was one of the nurses that saw Mr. Thompson at the jail before he committed suicide.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure permit a party to move to dismiss the case based on the contents of the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial". Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the Court "appl[ies] the standard for a Rule 12(b)(6) motion… accept[ing] all well-pleaded allegations of…[the] complaint as true and draw all reasonable factual inferences in his favor." *Massey v.*

*Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss for "failure to state a claim upon which relief can be granted." A court may grant a motion to dismiss for failure to state a claim for relief where it appears "to a certainty that [a] plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. *Id*. "Facts pled that are merely consistent with liability are not sufficient." *A Soc'y Without a Name v. Va.*, 655 F.3d 342, 346 (4th Cir. 2011).

## ARGUMENT

### I. PLAINTIFF'S AMENDED COMPLAINT FAILS AGAINST DEFENDANT ROBERTS BECAUSE IT WAS FILED AFTER THE STATUTE OF LIMITATIONS HAD EXPIRED.

Plaintiff's Amended Complaint alleges Mr. Thompson's wrongful death was proximately caused by Nurse Roberts's medical malpractice and her deliberate indifference to Mr. Thompson's serious medical condition pursuant to 42 U.S.C. § 1983. Wrongful death claims in North Carolina carry a two year statute of limitations. N.C.Gen.Stat. §1-53(4). "With respect to [ ] § 1983 claim[s], the statute of limitations is imported from state law." *Estate of Knight ex rel. Knight v. Hoggard*, 182 F.3d 908, 1999 WL 390987 (4th Cir. 1999) (unpublished); *citing Wilson v. Garcia*, 471 U.S. 261, 266-69, (1985); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). North Carolina General Statute § 1-53(4) requires a lawsuit seeking to recover "damages on account of the death of a person caused by the wrongful act, neglect or fault of another" be filed within two years of the date of death. N.C.Gen.Stat. §1-53(4).

Mr. Thompson died on July 12, 2018 and the statute of limitations for his estate's claims against Defendant Roberts expired two years later on July 12, 2020. No suit was initiated against Nurse Roberts and she was not a party to this suit until after the two year statute of limitations expired.

### A. PLAINTIFF'S AMENDED COMPLAINT ADDING DEFENDANT ROBERTS AS A PARTY DEFENDANT DOES NOT RELATE BACK TO THE ORIGINAL COMPLAINT.

Rule 15 of the Federal Rules of Civil Procedure permits the amendment of a complaint within 21 days after service of the pleading or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed.R.Civ.P. 15(a)(1). However, when the Amended Complaint adds a new party defendant, whether the Amended Complaint relates back to the date of the original Complaint depends on whether the new party will be prejudiced in defending on the merits and whether the new defendant knew or should have known about the original Complaint before the statute of limitations expired. Fed.R.Civ.P. 15(c)(1).

In explaining the focus of the analysis, the Fourth Circuit has stated

> Rule [15]'s description of when such an amendment relates back to the original pleading focuses on the *notice to the new party* and *the effect on the new party* that the amendment will have. These core requirements preserve for the new party the protections of a statute of limitations. They assure that the new party had adequate notice *within the limitations period* and was not prejudiced by being added to the litigation.

*Goodman v. Praxair, Inc.,* 494 F.3d 458, 470 (4th Cir.2007) (en banc). (citation omitted) (emphasis in original). The Fourth Circuit has recognized that "Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." *Id.* at 468; *see also Wilkins v. Montgomery*, 751 F.3d 214, 224 (4th Cir. 2014) (quoting *Norton v. Int'l Harvester Co.*, 627 F.2d 18, 20 (7th Cir. 1980) "[P]rejudice within the meaning of [Rule 15] is prima facially established where a party named as

an additional defendant in the amended complaint is deprived of the defense of the statute of limitations.").

Plaintiff filed her initial Complaint on July 10, 2020. [D.E. 1]. The original Complaint did not name Defendant Roberts. [D.E. 1]. Plaintiff amended her Complaint on August 26, 2020 which—for the first time—included allegations against Defendant Roberts. [D.E. 19]. Since Jerome Thompson died on July 12, 2018, North Carolina General Statute § 1-53(4) requires all causes of action alleging wrongful acts, neglect, or fault by the named defendants be filed by July 12, 2020. Because Defendant Roberts was not named in the initial Complaint, Plaintiff's claims against her must rely on Federal Rule of Civil Procedure 15(c) to relate back to the date of the original pleading.

Defendant did not "receive such notice of the action" pursuant to Rule 15(c)(1)(C)(i) until August 2020, several weeks after the statute of limitations expired. In addition to the failure to "receive such notice of the action," Defendant is wholly prejudiced by Plaintiff's delay in filing the Amended Complaint in that it strips her of the right to assert the affirmative defense of violation of the statute of limitations as contemplated in *Goodman*, resulting in the failure to satisfy Rule 15(c)(1)(C)(i). Accordingly, pursuant to *Wilkins*, Defendant Roberts has been prima facially prejudiced by plaintiff's attempt to add her as a Defendant after the two year statute of limitations expired and Plaintiff's Amended Complaint fails as a matter of law pursuant to Rule 15(c)(1)(C)(i) and Defendant request this Honorable Court dismiss Plaintiff's claims against her.

### B. PLAINTIFF CANNOT CLAIM THE NAMING OF "EBONEE WALLACE" WAS A MISTAKE/MISNOMER TO ALLOW THE AMENDED COMPLAINT TO RELATE BACK.

Plaintiff's attempt to relate back also fails under Rule 15(c)(1)(C)(ii) because Defendant did not know, nor should she have known, that the action would have been brought against her but for a mistake concerning the proper party's identity.

The term "mistake" in Rule 15(c)(1)(C)(ii) has agonized the Courts of Appeal for years. The Fourth Circuit settled the matter in *Goodman* by declaring

> reference to "mistake" in Rule 15(c)(3)(B)[1], while not alluding by implication to a circumstance where the Plaintiff makes a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged, explicitly described the *type of notice or understanding* that the *new party* had.

*Goodman*, 494 F.3d at 470 (emphasis in original).

The Supreme Court affirmed this interpretation in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S.Ct. 2485 (2010), finding "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the amended defendant] as the proper defendant, but whether [the amended defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548, 130 S.Ct. 2485, 2493 (2010). The Court summarized its understanding of Rule 15(c)(1)(C)(ii): "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.* at 552, 130 S.Ct. at 2496.

---

[1] Courts have compared the existing Rule 15(c)(1)(C)(ii) to its predecessor, Rule 15(c)(3), finding them to be "virtually identical." *Wilson v. U.S. Gov't,* 23 F.3d 559, 563 (1st Cir.1994) (quoting *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993)) (internal quotation marks omitted).

Successful Rule 15 relation back amendments oftentimes involves business entities. Relation back of individual defendants are "markedly different." *Wilkins v. Montgomery*, 751 F.3d 214, 225 (4th Cir. 2014). In this case the individual names "Wallace" and "Roberts" are not closely related, are not spelled similarly, and are two separate and distinct names. This is not a case of misnomer or scribbler's error.

In *Wilkins*, the Fourth Circuit determined the individual defendant doctors did not receive notice of the action and were prejudiced in defending the claim on the merits. *Id.* at 226. In its decision, the Court utilized factors including whether the newly named defendants had notice of the lawsuit, whether the newly named defendants—who were no longer employed with the entity during the alleged events—kept in touch with employees at that entity; and whether the newly named defendants—who continued to be employed with the entity during the alleged events—worked "so closely" with the named defendants "as to be imputed with knowledge of the lawsuit against her." *Id.*

In the case at bar, just as in *Wilkins*, this is not a case where Plaintiff corrected a business entity's name in her Amended Complaint but instead is a case where Plaintiff added a new individual to the lawsuit. The original Complaint named "Ebonee Wallace" as a Defendant. [D.E. 1, p. 1]. The Amended Complaint named "Ebone Roberts" as a defendant. [D.E. 19, ¶ 14]. Wellpath Answered that it never employed anyone named Ebonee Wallace. [D.E. 8, ¶14]. Defendant Roberts has never had the name "Wallace" and has never been called by or referred to herself as "Wallace." [Exhibit 1, ¶ 5]. Just as the newly added Defendant in *Wilkins,* when suit was filed, Defendant Roberts was no longer employed by Wellpath. [Exhibit 1, ¶ 2]. When the original Complaint was filed, Defendant Roberts had not communicated with any other defendant or former co-workers about the lawsuit and did not learn of any potential lawsuit against her until August 2020, after the statute of limitations expired. [Exhibit 1, ¶¶ 2-6].

Just as In *Wilkins*, within the applicable statute of limitations, the individual nurse Defendant Roberts did not receive notice of the action and is prejudiced in defending the claim on the merits. Using the same factors the Court used in *Wilkins*, the other Defendants' knowledge of the lawsuit cannot be imputed to Defendant Roberts because she did not have notice of the original lawsuit, was no longer employed by Wellpath, did not keep in touch with employees of that entity, and no longer worked with the other named defendants. Just as in *Wilkins*, Defendant Roberts has been prima facially prejudiced by plaintiff's attempt to add her as a Defendant after the two year statute of limitations expired and her Motion for Judgment on the Pleadings should be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant her Motion for Judgment on the Pleadings.

This the 7th day of June, 2021.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ *Jennifer B. Milak*_____
Jennifer Milak
N.C. State Bar. No. 24418
jmilak@teaguecampbell.com
***Attorneys for Ebone Roberts***
P.O. Box 19207
Raleigh, North Carolina 27619-9207
Telephone: (919) 873-0166
Facsimile: (919) 873-1814

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served this **Defendant Ebone Roberts's Memorandum of Law in Support of her Motion for Judgment on the Pleadings** in the above-entitled action upon all other parties to this cause by depositing a copy hereof, postage paid, in the United States mail addressed to said parties or by electronically filing using the CM/ECF system, which will send notification of such filing to the following:

Karonnie R. Truzy
David Ventura
Crumley Roberts, LLP
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
krtruzy@crumleyroberts.com
djventura@crumleyroberts.com
*Attorneys for Plaintiff*

Sean F. Perrin
Womble Bond Dixon
301 S. College Street, Suite 3500
Charlotte, NC 28202
sean.perrin@wbd-us.com
*Attorney for Sheriff and Deputies*

Clarence Matheson, Jr.
Charlotte City Attorney's Office
600 E. Fourth Street
Charlotte, NC 28202
Clarence.Matheson@charlottenc.gov
*Attorney for City of Charlotte*

Stephanie H. Webster
Cranfill Sumner & Hartzog, LLP
Post Office Box 30787
Charlotte, NC 28230
swebster@cshlaw.com
*Attorney for Adelaide Kinstler, in her Individual capacity*

Daniel E. Peterson
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
danielpeterson@parkerpoe.com
*Attorney for Officer Brian Kurcsak*

This the 7th day of June, 2021.

                              **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: */s/ Jennifer Milak*
        Jennifer B. Milak
        *Attorneys for Ebone Roberts*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:20-cv-00370

| | |
|---|---|
| LINDA GAIL THOMPSON, as Personal Representative of the Estate of JEROME THOMPSON,<br><br>  Plaintiff,<br><br>CITY OF CHARLOTTE, OFFICER ADELAIDE KINSTLER in her Official and Individual capacity; OFFICER BRIAN E. KURCSAK in his Official and Individual capacity; OFFICER JOSEPH B. WILSON in his Official and Individual capacity; CHIEF JOHNNY JENNINGS in his Official as Chief of the Charlotte-Mecklenburg Police Department and Individual capacity; SHERIFF GARRY L. MCFADDEN in his Official and Individual capacity; DEPUTY LOUIS J. VENANT in his Official and Individual capacity; DEPUTY JOSEPH B. BREEDLOVE in his Official and Individual capacity; WELLPATH, LLC, EBONE DENISE ROBERTS in her individual capacity and as an agent of Wellpath, LLC; LAURA HOUSE in her individual capacity and as an agent of Wellpath, LLC; SAMANTHA ELLIOTT-MCLAREN in her individual capacity and as an agent of Wellpath, LLC; and "JOHN DOE" in his Official and Individual capacity;<br><br>  Defendants. | **AFFIDAVIT OF DEFENDANT<br>EBONE ROBERTS** |

Ebone Roberts, being duly sworn, deposes and says:

1. I am over the age of 18, am of sound mind, and have information relevant to Plaintiff's Amended Complaint.

2. I haven't worked for Wellpath since 2018.

3. I have not visited Mecklenburg Detention Center in 2020.

4. I did not learn of any potential lawsuit against me until August 2020.

5. I have never had the name "Wallace," have never referred to myself as "Wallace," have never represented to anyone that my name is "Wallace" and have never been known as "Wallace."

6. I never spoke to anyone with Wellpath or to any of my former co-workers about the lawsuit.

This the 16 day of April 2021.

BY AFFIANT:

_____
Ebone Roberts

WITNESS:

_____

SUBSCRUBED AND SWORN TO ME BEFORE THIS 16 DAY OF April, 2021.

_____
NOTARY PUBLIC

My Commission Expires: 11·18·2023