UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-370-MOC-DSC

| | |
|---|---|
| LINDA GAIL THOMPSON, as Personal Representative of the Estate of JEROME THOMPSON, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF CHARLOTTE et al., <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on a Motion for Judgment on the Pleadings, filed by Defendant Ebone Roberts. (Doc. No. 59).

## I. FACTS

Plaintiff Linda Gail Thompson is the personal representative of the Estate of Jerome Thompson. Mr. Thompson died on July 12, 2018, after he jumped from a second-floor balcony at the Mecklenburg County Jail. Plaintiff filed the original Complaint in this action on July 10, 2020 and an Amended Complaint on August 26, 2020, naming numerous Defendants and raising the following claims: a Fourteenth Amendment due process rights violation, pursuant to 42 U.S.C. § 1983; an injury to prisoner by jailer claim under N.C. GEN. STAT. § 162-55 (Injury to Prisoner by Jail); and a North Carolina wrongful death claim, under N.C. GEN. STAT. § 28-174 (North Carolina Wrongful Death Statute).[1] Plaintiff requests damages under 42 U.S.C. § 1983,

---

[1] North Carolina's wrongful death statute is no longer codified as N.C. GEN. STAT. § 28-174, as alleged in the Amended Complaint. It is currently codified as N.C. GEN. STAT. § 28A-18-2.

-1-

attorney's fees, and punitive damages.

In the Initial Complaint, Plaintiff named "Ebonee Wallace" as a defendant. (Id.). On August 5, 2020, Defendant Wellpath answered the Initial Complaint, denying knowledge of an employee or former employee named "Ebonee Wallace." (Doc. No. 8 at 4). On August 26, 2020, Plaintiff amended the Complaint to name "Ebone Denise Roberts" as a Defendant. (Doc. No. 19 at 1). Plaintiff alleged that Defendant Roberts worked for Defendant Wellpath, LLC as a nurse when Mr. Thompson was admitted to the jail and she failed to provide a proper mental health screening and adequate medical care to Mr. Thompson before he committed suicide. The factual allegations in the original Complaint as to "Ebonee Wallace" are substantially similar to those against "Ebone Denise Roberts." In Wellpath's answer to the Amended Complaint, it admitted to having knowledge of an individual named Ebone Roberts and acknowledged Roberts was a nurse at the time of Mr. Thompson's death. (Doc. No. 21 at 3).

On June 7, 2021, Defendant Roberts filed the pending motion for judgment on the pleadings, arguing that Plaintiff's wrongful death claim against her is barred by the applicable two-year statute of limitations. (Doc. No. 59). Plaintiff filed a response on June 30, 2021, and Defendant filed a Reply on July 7, 2021. This matter is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. Fed. R. Civ. Pro. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must

be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). When considering a motion to dismiss, the court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted).

### III.  DISCUSSION

Here, Defendant Roberts contends that the Court should dismiss Plaintiff's North Carolina wrongful death claim against her as barred by the applicable two-year statute of limitations.[2] In response to the motion for judgment on the pleadings, Plaintiff contends that, under Rule 15(c)(1)(C), the Amended Complaint relates back to the initial Complaint and therefore Plaintiff's wrongful death claim against Defendant Roberts is not barred by the two-year statute of limitations. For the following reasons, the Court agrees.

It is undisputed that the statute of limitations for Plaintiff's North Carolina wrongful death claim is two years. See N.C. GEN. STAT. § 1-53(4) (stating that a claim seeking to recover

---

[2] The Amended Complaint also states a claim against Roberts and other Defendants, pursuant to 42 U.S.C. § 1983, for a violation of her Due Process rights under the Fourteenth Amendment. Because Defendant does not move for dismissal of the Fourteenth Amendment due process claim, the Court does not address it here.

-3-

"damages on account of the death of a person caused by a wrongful act, [or] neglect or fault of another" must be filed within two years from the date of alleged wrongful death). Mr. Thompson died on July 12, 2018. Plaintiff filed the initial Complaint, naming "Ebonee Wallace," on July 10, 2020, within the two-year statute of limitations. (Doc. No. 1). Plaintiff filed the Amended Complaint, naming "Ebonee Roberts" on August 26, 2020, after the two-year statute of limitations had run. (Doc. No. 19). Defendant was served with the Amended Complaint on September 11, 2020, which was within the 90-day period for serving a summons and complaint under Rule 4(m) of the Federal Rules of Civil Procedure.

An amended complaint that is filed after the statute of limitations has run out will be barred unless the claim relates back to the date of the initial complaint. Wilkins v. Montgomery, 751 F.3d 214, 223–24 (4th Cir. 2014). Under Fed. R. Civ. P. 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C). When determining whether an amendment should relate back, "it is well-settled that Rule 15 is chiefly concerned with ensuring (i) that there is a factual nexus between the amendments and the prior pleading, and (ii) that a defendant had sufficient notice of

these new claims such that he will not suffer prejudice if the amendments are found to relate back." Vitullo v. Mancini, 684 F. Supp. 2d 747, 754 (E.D. Va. 2010) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 469–70 (4th Cir. 2007) (en banc)); Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983); Davis v. Piper Aircraft Corp., 615 F.2d 606, 614 (4th Cir. 1980)). "Although the statute of limitations is an affirmative defense that must be established by the defendant, when relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." Covey v. Assessor of Ohio Cty., 666 Fed. Appx. 245, 248 (4th Cir. 2016) (unpubl.) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007); W. Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1200 (4th Cir. 1989)).

First, it is undisputed that the alleged conduct by Defendant Roberts in the Amended Complaint arises from the same transaction occurrence alleged in the initial Complaint. Thus, this element of the relation back analysis is met. Next, as to the second prong of relation back, the newly named party must receive notice within the period provided by Rule 4(m) for serving the summons and complaint such that the party will not be prejudiced in defending on the merits.[3] Counsel for Roberts accepted service on Roberts' behalf on September 11, 2020, which was within the Rule 4(m) time for service of process on the original Complaint. See FED. R. CIV. P. 4(m). Thus, Roberts received notice of the lawsuit within the Rule 4(m) period. See McKnight v. Iceberg Enters. Inc., No. 9:10-CV-03248-DCN, 2012 WL 2418870, at *3 (D.S.C. June 26,

---

[3] Before the 1991 amendment to Rule 15(c), a plaintiff could not relate back the amendment of a defendant's name on the complaint unless the new defendant had notice of the suit before the expiration of the statute of limitations. Schiavone v. Fortune, 477 U.S. 21, 30–31 (1986). The 1991 amendment to Rule 15(c) changed the result in Schiavone and provided that an amendment would relate back as long as the intended defendant received notice of the action within the period allowed for service of the summons and complaint as set forth in FED. R. CIV. P. 4(m), or 120 days, regardless of whether the statute of limitations had expired in the interim.

2012) (holding that a defendant may be added as long as they received notice of the suit within the Rule 4(m) period). Furthermore, Defendant has not shown that she would be prejudiced from defending the claim on the merits if relation-back were allowed. The Amended Complaint was filed only six weeks after the initial Complaint, before any discovery had commenced. Because Roberts received notice of the lawsuit within the Rule 4(m) period and she has not shown prejudice, the second prong of Rule 15(c)'s requirements for relation back is met.[4]

Finally, the Court must determine whether Defendant knew or should have should have known, within the Rule 4(m) period, that the action would have been brought against her, but for a mistake concerning the proper party's identity. "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing h[is] original complaint." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010).

The Fourth Circuit does not focus on the reason for a plaintiff's "mistake" in the original pleading, but rather reads Rule 15's "mistake" language to require that the prospective defendant must "have expected or should have expected, within the limitations period, that it was meant to be named a party in the first place." Robinson v. Clipse, 602 F.3d 605, 609–10 (4th Cir. 2010)

---

[4] Roberts has presented an affidavit asserting that she was not employed by Wellpath when Plaintiff filed the initial Complaint, she did not learn of any potential lawsuit against her until August 2020; she has never used or been referred to under the name "Wallace"; and she has not spoken to Wellpath or any former co-workers about the lawsuit. (Doc. No. 60 at 12). Roberts' affidavit evidence satisfies the Court that she did not receive notice of the lawsuit within the two-year statute of limitations period. Accord Wilkins v. Montgomery, 751 F.3d 214, 225 (4th Cir. 2014) (finding that the potential defendant was not on constructive notice when the potential defendant's former employer was served, and the plaintiff provided no evidence to show the potential defendant had any contact with the former employer or any of the potential defendant's former co-workers).

(quoting Goodman, 494 F.3d at 471). Under Rule 15(c)(1)(C), the Rule 4(m) service period is "the 'limitation period' for purposes of analyzing whether the newly added defendant received notice and should have had knowledge of the action." Id. at 608.

Here, Defendant Roberts should have known within the Rule 4(m) period that, but for a mistake in identity, the action would have been brought against her. Within this period, it became clear that, although "Ebonee Wallace" was named in the original Complaint, the original Complaint alleged that a nurse for Wellpath named Ebonee (very similar to Defendant's first name of Ebone) was working at the jail when Mr. Thompson died. Defendant should have known, within the Rule 4(m) time period, that she was the person that Plaintiff was referring to in the original Complaint. Therefore, relation back applies, and Defendant's motion for judgment on the pleadings will be denied.

### IV.   CONCLUSION

For the reasons stated herein, Defendant Roberts' motion for pleadings is denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Roberts' Motion for Judgment on the Pleadings, (Doc. No. 59), is **DENIED**.

Signed: July 27, 2021

Max O. Cogburn Jr
United States District Judge